## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

_____

**FIT BODY BOOT CAMP, INC.**                  :
                                             :
                                             :
        **Plaintiff,**                       :
                                             :
 **v.**                                      :
                                             :        **CIVIL ACTION NO.**
**JOEL METZGER,**                            :
                                             :
                                             :
**STEVEN ROBLEDO, and**                      :
                                             :
                                             :
**STEPHANIE BIERNAT,**                       :
                                             :
        **Defendants.**                      :
_____ :

## CIVIL ACTION – COMPLAINT

## INTRODUCTION

1.    Plaintiff Fit Body Boot Camp, Inc. ("FBBC") brings this action against former franchisees Joel Metzger, Steven Robledo, and Stephanie Biernat (collectively, the "Defendants") who: (a) blatantly and egregiously violated their obligations under the Franchise Agreement including, but not limited to, changing the name of their business to Palma Ceia Fit Body (the "Infringing Mark"), which is substantially similar to the FBBC's federally registered trademarks, operating a competitive business (the "Competing Business") using the Infringing Mark and the proprietary FBBC franchise system without authorization, and diverting

members of the formerly franchised business to the Competing Business; (b) are infringing upon FBBC's trademarks with the confusingly similar Infringing Mark independently adopted by Defendants without authorization; (c) are in violation of their post-termination obligations under the Franchise Agreement; (d) continue to operate the Competing Business diverting customers from the FBBC system in direct violation of their post-termination non-competition covenant; and (e) failed to pay and therefore owe certain amounts to FBBC under the Franchise Agreement.  FBBC brings this action to protect the goodwill associated with its trademarks and to protect FBBC's franchisees who are being harmed due to Defendants' unauthorized use of the FBBC trademarks and its proprietary system. Because the Defendants are no longer affiliated with FBBC, FBBC has no ability to ensure that the Defendants are operating pursuant to FBBC's strict guidelines and requirements which is damaging the goodwill associated FBBC's proprietary system and its trademarks. Furthermore, by infringing upon FBBC's trademarks and violating FBBC's non-competition agreement, Defendants are unfairly competing with FBBC and its franchisees.

## **THE PARTIES**

2.    FBBC is a California corporation with is corporate headquarters in Chino Hills, California.  FBBC owns various systems and trademarks, including

the trademark "FIT BODY BOOT CAMP®" and associated proprietary marketing and operational systems.

3.    Joel Metzger is an adult individual with an address in Tampa, Florida.

4.    Steven Robledo is an adult individual with an address in Sealy, Texas.

5.    Stephanie Biernat is an adult individual with an address in Tampa, Florida.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338, as FBBC's claims against Defendants are based upon trademark infringement under the Lanham Act, 15 U.S.C. §1051 et seq.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the issues giving rise to the claims asserted occurred in this judicial district.

## THE FRANCHISED BUSINESS

8.    FBBC, founded in 2009, has been franchising since 2011 in the fitness industry. FBBC franchises gym and fitness businesses that provide indoor fitness boot camp classes.

9.    FBBC franchisees are licensed to use the FBBC system, trade names, service marks, and trademarks. The FBBC System includes apparel, interior and exterior branding, products, class programs, standards, specifications, proprietary

marks and information, and social media platforms. The relationship between FBBC and its franchisees is governed by the terms and conditions of the FBBC Franchise Agreement entered into between FBBC and each franchisee or franchisee group.

## TRADEMARKS

10.    FBBC owns the exclusive rights to use and franchise the right to use the "FIT BODY BOOT CAMP®" trademarks and related logos including the marks registered on the Principal Register of the United States Patent and Trademark Office at Registration Nos. 5826276, 5329068, and 3852206 (the "Marks").

11.    Only authorized licensees are permitted to use the FBBC proprietary business system, and Marks designated by FBBC.

12.    Since 2009 and 2011, respectively, FBBC and its franchisees have continuously used and advertised the FBBC Marks throughout the country. These Marks distinguish FBBC's business and that of its franchisees from similar businesses and are widely known and recognized by consumers.

13.    There are currently over 250 FIT BODY BOOT CAMP® franchisees in operation throughout the country.

## THE FRANCHISE AGREEMENT

14.    The Defendants entered into a franchise agreement ("Franchise Agreement") with FBBC dated February 19, 2018, pursuant to which the Defendants were granted the right and undertook the obligation to operate a FIT BODY BOOT CAMP franchise (the "Franchised Business") located at 3217 S Macdill Avenue, Tampa, Florida 33629 (the "Premises").   Attached to this Complaint as Exhibit A is a true and correct copy of the Franchise Agreement between FBBC and the Franchisee.

15.    FBBC requires all franchisees to sign its designated form of Franchise Agreement in order to open and operate a FIT BODY BOOT CAMP® franchise.

16.    The Franchise Agreement licenses franchisees to utilize the Marks in furtherance of the franchisee's FBBC franchised business in accordance with the terms and conditions of the Franchise Agreement.

17.    The Franchise Agreement requires Defendants to pay to FBBC (a) a monthly royalty fee of $997 pursuant to Section 4.2 (the "Royalty"); (b) a monthly software reimbursement fee in the amount designated by FBBC (currently $300 per month) pursuant to Section 8.4 (the "Software Fee"); and (c) a $500 monthly Marketing and Promotion Fee pursuant to Section 4.3 (the "Marketing Fee").

18.    Pursuant to Section 11 of the Franchise Agreement, the Defendants are prohibited from: (a) operating a competitive business during the term of the Franchise Agreement; and (b) owning, in any part, or engaging in a competing or

substantially similar business for one year after the termination of the Franchise Agreement that is located (i) at the franchised business location, (ii) within 25 miles of the Premises; (iii) at the location of any other FIT BODY BOOT CAMP ® business; or (iv) within a 25 mile radius of any other FIT BODY BOOT CAMP ® franchised location.

19.    Pursuant to Section 9.3 of the Franchise Agreement, Defendants, following termination or expiration of the Franchise Agreement, are prohibited from using, either directly or indirectly, any of FBBC's proprietary information.

20.    Pursuant to Section 8.1 of the Franchise Agreement, Defendants are prohibited from engaging in any co-branding of the Premises with any other business.

21.    Pursuant to Section 9.1 of the Franchise Agreement, Defendants are expressly prohibited from using any of the Marks except as expressly authorized under the Franchise Agreement.

22.    Pursuant to Section 9.1 of the Franchise Agreement, Defendants acknowledged and agreed that the use of Marks outside the scope of the terms of the Franchise Agreement without FBBC's prior written consent is an infringement of FBBC's exclusive rights, title and interest in and to the Marks.

23.    Pursuant to Section 11.1 of the Franchise Agreement, Defendants are prohibited from diverting or attempting to divert any business or customer of the

Franchised Business to any competitor, including by direct or indirect inducement or otherwise, or do or perform any other act injurious or prejudicial to the goodwill associated with the Marks or the System.

24.    Pursuant to Section 13.9 of the Franchise Agreement, if the Franchise Agreement is terminated as a result of Defendants' default before the expiration of the term, it would be impossible to calculate with reasonable precision, the losses that FBBC would incur because of the unpredictability of future business conditions, inflationary prices, the impact on the FIT BODY BOOT CAMP franchise system's reputation from having a closed location, FBBC's ability to replace the Franchised Business in the same market, and other factors and that if the Franchise Agreement is terminated as a result of a default by Defendants, FBBC shall be entitled to recover as liquidated damages and not as a penalty, an amount equal to the Royalty Defendants were obligated to pay during the three years prior to the date the Franchise Agreement was terminated.

25.    Pursuant to Section 13.10 of the Franchise Agreement, FBBC is entitled to reimbursement of all costs FBBC has incurred (including reasonable attorneys' fees and investigators' fees) to enforce FBBC's rights and Defendants' obligations under the Franchise Agreement, including actions to collect any amounts due and delinquent under the Franchise Agreement.

26.    Pursuant to Section 5.1 of the Franchise Agreement, the term of the Franchise Agreement is seven years.

27.    Pursuant to Section 4.7 of the Franchise Agreement, Franchisee is required to pay to FBBC all monies due on time or pay a late charge of 5% of the amount past due.  Further, the Franchise Agreement requires Franchisee to pay to FBBC an annual interest rate of eighteen percent, or the maximum allowed by law, on all monies past due.  Section 4.7 also requires the Franchisee to reimburse FBBC for all reasonable costs FBBC incurs in attempting to collect unpaid debts owed by the Franchisee to FBBC.

28.    Pursuant to Section 8.3 of the Franchise Agreement, the Franchisee must maintain the quality, appearance, and display of the Marks.

29.    During the term of the Franchise Agreement, Franchisee may not infringe upon the Marks in any way that violates that Lanham Act. Pursuant to Section 9.1 of the Franchise Agreement, Franchisee's use of the Marks must immediately cease upon termination of the Franchise Agreement.

30.    Pursuant to Section 13.1 of the Franchise Agreement, the Franchise Agreement may be terminated for cause, or a material violation including failure to substantially comply with any obligation, duty, or promise of the Agreement. Termination is effective thirty days after a notice to cure is received by Franchisee.

31.    Pursuant to Section 13.2(a) of the Franchise Agreement, FBBC may terminate the Franchise Agreement immediately upon notice, without the opportunity to cure, if the Franchisee repeatedly fails to comply with any material requirement of the Franchise Agreement.

## **Material Breach of the Franchise Agreement**

32.    It came to FBBC's attention that Franchisee was using unauthorized marks in connection with the operation of the Franchised Business.

33.    More specifically, Franchisee took steps to re-brand the Franchised Business under the Infringing Mark.

34.     The following screen shot of Defendants website, taken by FBBC on April 25, 2022, demonstrates Defendants' unlawful conduct in making use of the Infringing Mark that is substantially similar to the Marks during the term of the Franchise Agreement:



35.    FBBC issued a Notice of Default of Fit Body Boot Camp Franchise Agreement dated February 16, 2022 (the "Default Notice") demanding that Franchisee immediately pay delinquent Royalty, Software Fees, and Marketing Fees. A true and correct copy of the Default Notice is attached hereto as Exhibit B.

### Termination of the Franchise Agreement

36.    Defendants failed to cure the defaults identified in the Default Notice.

37.    After receiving the Default Notice, Defendants continued with their unlawful behavior, continued to make use of the Infringing Mark, including in social media postings and at the Premises.

38.    FBBC issued a Notice of Termination of the Fit Body Boot Camp Franchise Agreement; Notice of Infringement dated June 28, 2022 (the "Termination Notice") to Defendants as a result of their unlawful behavior and uncured, material breaches of the Franchise Agreement. A true and correct copy of the Termination Notice is attached to this Complaint as Exhibit C.

39.    The Termination Notice demands that Franchisee immediately: (a) comply with all confidentiality, indemnification and non-competition covenants under the Franchise Agreement, (b) cease and desist from any and all use of the Marks and proprietary information, (c) pay all past due receivables, including $9,997.83 for unpaid Royalty, Software Fees, and Marketing Fees, plus associated interest and late fees (the "Past Due Receivables"), (d) immediately return the

Brand Standards Manual and all other confidential information and property belonging to FBBC, (e) immediately assign all telephone numbers to FBBC, and (f) pay liquidated damages in the amount of $35,892.00, plus attorneys' fees.

40.     Defendants ignored their post-term obligations and failed to comply with the post-termination obligations under the Franchise Agreement.

41.     Social media visits revealed that Defendants continued with their unlawful conduct in breach of the post-termination obligations under the Franchise Agreement and in violation of FBBC's trademark rights under federal and state law.

42.     The following screenshot was taken on June 30, 2022:



43.     The Defendants continue with their unlawful conduct to this day.

44.     The Defendants continue to: (a) make unauthorized use of the Infringing Mark that is substantially similar to the Marks after the termination of

the Franchise Agreement; and (b) operate a competitive business at the Premises in violation of their noncompete obligations.

45.    The Defendants failed to comply with the post-termination obligations under Section 15 of the Franchise Agreement, including, among others: (a) complete removal of all Marks belonging to FBBC, including any words or marks indicating affiliation with FBBC; (b) permanently discontinuing any actions stating or implying affiliation with FBBC; (c) complying with the non-competition covenant of the Franchise Agreement; and (d) using trade names, service marks, or trademarks significantly different from those of FBBC, including in both color and typeface.

**COUNT I**
**TRADEMARK INFRINGEMENT**

46.    FBBC owns the exclusive rights to use and franchise the right to use the Marks. Defendants used the Infringing Mark while re-branding the Franchised Business as Palma Ceia Fit Body.

47.    Defendants' use of the Marks while re-branding the Franchised Business as Palma Ceia Fit Body exceeded the scope of the license and violated the terms of the Franchise Agreement.

48.    Defendants' use of the Marks while re-branding the Franchised Business as Palma Ceia Fit Body under the same business model likely caused consumer confusion.

49.     Defendants' continued use of the Infringing Mark in connection with the operation of a substantially similar business at the same location is likely to cause consumer confusion.

50.     Defendants used FBBC's Marks servicing the same and new customers without authorization to do so.

51.     Defendants are guilty of trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, et seq.

52.     Defendants' continued operation as set forth above has caused and will continue to cause FBBC irreparable injury, including due to consumers being deceived by the Defendants as a result of their operation as a fitness center under the same or substantially similar name as the FIT BODY BOOT CAMP® business at the exact same location.

53.     Defendants' conduct was willful and deliberate, as Defendants knew they were not permitted to use the Marks in connection with the operation of the Competing Business during or after the term of the Franchise Agreement.

54.     Further, Defendants were made fully aware of their wrongful conduct through the written notice issued to Defendants by FBBC.

55.     As a result of the above conduct, FBBC's Marks have been removed from FBBC's control and FBBC will continue to lose profits and revenues which, because of the Defendants' conduct, cannot be readily calculated.

56. FBBC has no adequate remedy at law because FBBC cannot be adequately compensated for the deprivation of the consumer recognition and goodwill built under the FBBC Marks as a result of Defendants' conduct.

**WHEREFORE**, Fit Body Boot Camp, Inc. demands judgment in its favor and against the Defendants Joel Metzger, Steven Robledo, and Stephanie Biernat as follows:

a.     A preliminary and permanent injunction enjoining the Defendants, as well as their agents, employees, and any person acting in concert with them from using the FBBC Marks or any colorable imitation in any manner, including the Infringing Mark, whatsoever;

b.     An accounting of and judgment for the profits to which FBBC may be entitled;

c.     Treble damages pursuant to 15 U.S.C. §1117;

d.     An order requiring Defendants to return or destroy any iterance of the FBBC Marks or derivatives thereof, including any reproduction, counterfeit, copy, or colorable imitation thereof, and all means of making the same pursuant to 15 U.S.C. §1118;

e.     An order requiring Defendants to remove, delete, or shut down any and all of Defendants' internet listings or internet listings under Defendants'

control, and any social media postings and listings infringing upon FBBC's trademark rights;

      f.      Punitive Damages;

      g.      Attorneys' fees;

      h.      Costs of this actions; and

      i.      Such further relief as this Court deems just and proper.

## <u>COUNT II</u>
## FALSE DESIGNATION OF ORIGIN

57.    Defendants' use of the Infringing Mark constitutes a false designation of origin and is likely to cause confusion, mistake, or deception as to the Defendants' affiliation, connection, or association with FBBC in violation of 15 U.S.C. §1125(a).

**WHEREFORE**, Fit Body Boot Camp, Inc. demands judgment in its favor and against the Defendants Joel Metzger, Steven Robledo, and Stephanie Biernat as follows:

      a.      A preliminary and permanent injunction enjoining the Defendants Joel Metzger, Steven Robledo, and Stephanie Biernat, as well as their agents, employees, and any person acting in concert with them from using the FBBC Marks or any colorable imitation in any manner, including but not limited to the Infringing Mark, whatsoever;

b.      An accounting of and judgment for the profits to which FBBC may be entitled;

c.      Treble damages pursuant to 15 U.S.C. §1117;

d.      An order requiring Joel Metzger, Steven Robledo, and Stephanie Biernat to return or destroy any iterance of the FBBC Marks or derivatives thereof, including any reproduction, counterfeit, copy, or colorable imitation thereof, and all means of making the same pursuant to 15 U.S.C. §1118;

e.      An order requiring Joel Metzger, Steven Robledo, and Stephanie Biernat to remove, delete, or shut down any and all of Defendants' internet listings or internet listings under Defendants' control, and any social media postings and listings infringing upon FBBC's trademark rights;

f.      Punitive Damages;

g.      Attorneys' fees;

h.      Costs of this actions; and

i.      Such further relief as this Court deems just and proper.

## <u>COUNT III</u>
## <u>TRADEMARK DILUTION</u>

58.      As alleged in more detail above, Defendants have continued to operate a business offering indoor fitness services, at the exact same location as the previously Franchised Business, under the trade name "Palma Ceia Fit Body,"

which name contains substantially similar words as FBBC's registered trademark "Fit Body Boot Camp."

59.    Defendants intended to create an association with FBBC's registered trademarks by, among other things, including the words "fit" and "body" in their chosen trade name.

60.    As such, Defendants' continued operation of its fitness business and associated online media usage has caused dilution of FBBC's Marks, including the Marks, in violation of 15 U.S.C. §1125(c).

**WHEREFORE**, Fit Body Boot Camp, Inc. demands judgment in its favor and against the Defendants Joel Metzger, Steven Robledo, and Stephanie Biernat as follows:

a.    A preliminary and permanent injunction enjoining the Defendants Joel Metzger, Steven Robledo, and Stephanie Biernat, as well as their agents, employees, and any person acting in concert with them from using the FBBC Marks or any colorable imitation in any manner whatsoever;

b.    An accounting of and judgment for the profits to which FBBC may be entitled;

c.    Treble damages pursuant to 15 U.S.C. §1117;

d.    An order requiring Joel Metzger, Steven Robledo, and Stephanie Biernat to return or destroy any iterance of the FBBC Marks derivatives thereof,

including any reproduction, counterfeit, copy, or colorable imitation thereof, and all means of making the same pursuant to 15 U.S.C. §1118;

e.    An order requiring Joel Metzger, Steven Robledo, and Stephanie Biernat to remove, delete, or shut down any and all of Defendants' internet listings or internet listings under Defendants' control, and any social media postings and listings infringing upon FBBC's trademark rights;

f.    Punitive Damages;

g.    Attorneys' fees;

h.    Costs of this actions; and

i.    Such further relief as this Court deems just and proper.

<u>**COUNT IV**</u>
**UNFAIR COMPETITION**

61.    As alleged in more detail above, as a result of Defendants' continued operation of a substantially similar business at the exact same location as the previously Franchised Business servicing the same customers, regular business has been and will continue to be diverted from FBBC's franchised system.

62.    Moreover, FBBC will encounter significant difficulty in re-franchising the area of Palma Ceia, Tampa, Florida, there now being a substantially similar competitive business not otherwise present in FBBC's other territories.

63.     Defendants willfully intended to trade on FBBC's reputation and intended to divert business to Defendants' Competing Business operations in violation of the common law of unfair competition.

**WHEREFORE**, Fit Body Boot Camp, Inc. demands judgment in its favor and against the Defendants Joel Metzger, Steven Robledo, and Stephanie Biernat as follows:

a.     A preliminary and permanent injunction enjoining Defendants, as well as their agents, employees, and any person acting in concert with them from using the FBBC Marks or any colorable imitation in any manner whatsoever;

b.     An accounting of and judgment for the profits to which FBBC may be entitled;

c.     Treble damages pursuant to 15 U.S.C. §1117;

d.     An order requiring Joel Metzger, Steven Robledo, and Stephanie Biernat to return or destroy any iterance of the FBBC Marks or derivatives thereof, including any reproduction, counterfeit, copy, or colorable imitation thereof, and all means of making the same pursuant to 15 U.S.C. §1118;

e.     An order requiring Joel Metzger, Steven Robledo, and Stephanie Biernat to remove, delete, or shut down any and all of Defendants' internet listings or internet listings under Defendants' control, and any social media postings and listings infringing upon FBBC's trademark rights;

f.      Punitive Damages;

g.      Attorneys' fees;

h.      Costs of this actions; and

i.      Such further relief as this Court deems just and proper.

## COUNT V
## BREACH OF CONTRACT – BREACH OF IN-TERM AND POST TERMINATION NON-COMPETITION COVENANTS

64.    As alleged in more detail above, Defendants commenced operation of the Competing Business under the name Palma Ceia Fit Body during the term of the Franchise Agreement before the agreement was terminated.

65.    Section 11.1 (a) of the Franchise Agreement prohibits Defendants from operating a "competing business", which is defined as any business operating or granting franchises or licenses to others to operate a fitness business or business offering or selling goods or services equivalent to the Fit Body Boot Camp Services and Products or similar to the Franchised Business, during the term.

66.    Further, Section 11.1(b) restricts Defendants from diverting or attempting to divert any business or customer of the Franchised Business to any competitor, by direct or indirect inducement or otherwise, or to do or perform, directly or indirectly, any other act injurious or prejudicial to the goodwill associated with the Marks or the System.

67.    Defendants violated their obligations under Section 11.1(a) of the Franchise Agreement by operating the competitive "Palma Ceia Fit Body" business at the Premises during the term of the Franchise Agreement without FBBC's written consent.

68.    Defendants violated their obligations under Section 11.1(b) of the Franchise Agreement by diverting customers to the competitive business during the term of the Franchise Agreement.

69.    The Franchise Agreement was terminated on June 28, 2022 upon delivery of the Termination Notice.

70.    Defendants continue to engage in the business of running a fitness boot camp at the Premises.

71.    Defendants' operation of the Competing Business after the termination of the Franchise Agreement is in direct violation of the non-competition provisions of Section 11.2 of the Franchise Agreement.

72.    FBBC has no adequate remedy at law in that the damages as set forth above, including the misappropriation and theft of its proprietary business system, confidential information, and proprietary materials, and the consequential injury to consumer goodwill, cannot be compensated in monetary damages.

73.     The damages sustained by FBBC as a result of the loss of its goodwill and the potential deception and harm to the consuming public cannot be ascertained nor can such harm be compensated for in monetary damages.

74.     As a direct and proximate result, FBBC has suffered and continues to suffer damage to its business, reputation, and goodwill due to the Defendants' operation of the Competitive Business.

75.     FBBC's immediate and irreparable harm will increase unless and until the Defendants are enjoined from violating their post-termination obligations and otherwise competing unfairly with FBBC.

76.     A preliminary and permanent injunction is the only method by which FBBC can prevent the further usurpation of its business system and trade secrets.

**WHEREFORE**, Fit Body Boot Camp, Inc. demands judgment in its favor and against the Defendants Joel Metzger, Steven Robledo, and Stephanie Biernat as follows:

a.     That Joel Metzger, Steven Robledo, and Stephanie Biernat be preliminarily and permanently enjoined and restrained from operating, or engaging in any competitive business featuring, fitness boot camps or a substantially similar program, or from directly or indirectly being connected with the ownership, management, operation, control, or conduct of a competitive business featuring fitness boot camps or a substantially similar program located at the Premises, or

within 25-miles of the Premises, or within 25-miles of any other FIT BODY BOOT CAMP franchised business in operation as of the date of the Court's order for a period of one year from the date of their compliance with the Court's order;

      b.     Attorneys' fee and other costs incurred in bringing this action;

      c.     Costs of this action; and

      d.     Such further relief as this Court deems just and proper.

**COUNT VI**
**BREACH OF CONTRACT –LIQUIDATED DAMAGES**

77.    As alleged in more detail above, at all times referred to herein, FBBC was in compliance with the Franchise Agreement and has fulfilled all of its obligations pursuant to the terms and conditions thereof.

78.    The Franchise Agreement was terminated as a result of Defendants' material default thereunder, and failure to cure such material default.

79.    Pursuant to Section 13.9 of the Franchise Agreement, Defendants are obligated to pay to FBBC liquidated damages equal to the Royalty amount Defendants were obligated to pay during the three years prior to the date the Franchise Agreement was terminated.

80.    Defendants' monthly Royalty is $997.00 per month.

81.    Defendants are liable to FBBC for liquidated damages in the amount of $35,892.00 (or, $997.00 multiplied by thirty-six).

**WHEREFORE**, Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendants Joel Metzger, Steven Robledo, and Stephanie Biernat, jointly and severally, as follows:

a.      Damages in the amount of $35,892.00 together with pre-judgment and post-judgment interest;

b.      Attorneys' fees and other costs incurred in bringing this action;

c.      Costs of this action; and

d.      Such further relief as this Court deems just and proper.

**COUNT VII**
**BREACH OF CONTRACT – UNPAID ROYALTIES**

82.      As alleged in more detail above, pursuant to the terms of Section 4 of the Franchise Agreement, Defendants are required to pay Royalties, Software Reimbursement Fees, and Marketing Fees to FBBC for the operation of the Franchised Business.

83.      Defendants failed to pay FBBC Royalties, Software Reimbursement Fees, and Marketing Fees in the amount of $9,997.83 and late fees in the amount of $499.89.   A true and correct copy of the accounting of the Royalties and Marketing Fees due to FBBC is attached as Exhibit D.

84.      As a direct and proximate result of the Defendants' breach of the Franchise Agreement, FBBC has been damaged as a result of Defendants' failure

to pay Royalty Fees and Promotional and Marketing Fund Contributions in the amount of $9,997.83 and late fees in the amount of $499.89.

**WHEREFORE**, Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendants Joel Metzger, Steven Robledo, and Stephanie Biernat, jointly and severally, as follows:

a.      Damages in the amount of $10,497.72 together with pre-judgment and post-judgment interest;

b.      Attorneys' fees and other costs incurred in bringing this action;

c.      Costs of this action; and

d.      Such further relief as this Court deems just and proper.

Dated: July 27, 2022

Respectfully submitted,

By:     /s/ Shannon Kain
        Shannon Kain
        Florida Bar No. 16656
        Hicks, Porter, Ebenfeld & Stein, P.A.
        11011 Sheridan Street, Suite 104
        Hollywood, FL 33026
        T: (954) 624-8700
        F: (954) 624-8064
        skain@mhickslaw.com
        aherrera@mhickslaw.com
        eclerk@mhickslaw.com
        *Local Counsel for Plaintiff*

        **FISHER ZUCKER LLC**
        JoyAnn Kenny
        Anthony Gruzdis (pro hac vice to be filed)

21 South 21st Street
Philadelphia, PA 19103
Tel: (215) 825-3100
Fax: (215) 825-3101
jkenny@fisherzucker.com
agruzdis@fisherzucker.com
*Counsel for Plaintiff*